## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------- X
:
:
:
SERGEANT AARON GREEN : Civil Action No.: 19-3156-JDW
:
              Plaintiff : **FIRST AMENDED COMPLAINT**
    v. :
:
CITY OF PHILADELPHIA d/b/a :
PHILADELPHIA POLICE : **Jury Trial Demanded**
DEPARTMENT :
:
:
              Defendant. :
----------------------------------------------- X

## PARTIES

1. Plaintiff, Aaron Green, is an adult individual, residing at 154 N 54th St, Philadelphia, PA 19139. At all times material hereto, Plaintiff was employed by Defendant as a police officer for over 27 years. Plaintiff has worked for the Philadelphia Police Department since September 23, 1991, until he was forced to retire on November 23rd, 2018. Plaintiff is of African American ethnicity.

2. Defendant, The Philadelphia Police Department ("PPD") is a government agency that conducts business in the Commonwealth of Pennsylvania and is headquartered at 750 Race Street Philadelphia, PA 19106.

## JURISDICTION AND VENUE

3. Jurisdiction over the matter is conferred upon the Court by 28 USC § 1331 and 1332, as the cause of action arises under federal law, to wit: 42 U.S.C. § 1981 & 1983.

4. Venue is proper in the Eastern District of Pennsylvania, as the facts and transactions involved in the discrimination complained of herein occurred in large part in this judicial district at the Philadelphia Police Department, in Philadelphia, Pennsylvania.

5. Plaintiff reserves the right to amend this Complaint to include additional facts, claims, and allegations upon exhaustion of administrative remedies.

## STATEMENT OF FACTS

6. On November 2nd, 2018, Plaintiff underwent a routine drug test for the PPD. The examiner used a razor to shave off some of Plaintiff's hair on his chest and abdomen to use as the sample for the drug test.

7. Plaintiff also gave a urine sample for his drug test. However, Plaintiff was told that his urine was not sufficient for the test.

8. On November 15, 2018, Plaintiff was notified that his drug test came back positive for cocaine. Plaintiff was shocked as he had never used narcotics and has never tested positive for cocaine use in his 27 years on the police force.

9. Plaintiff was relieved of his weapon and told that he needed to pay for a second drug test for confirmation and was told that he only had 10 days to complete the test.

10. Plaintiff, believing that an error may have occurred with the previous drug test, was eager to do the second drug test to prove his innocence. He went immediately that same day, and they again took another hair sample for the drug test.

11. On or about November 22, 2018, Plaintiff was notified that the results for his drug test showed he was again positive for cocaine. Plaintiff was very shocked and confused about the results as he was hoping this second drug test would prove that he did not use cocaine.

12. Plaintiff was told that he had only two choices: he could either be terminated immediately, or he had until the morning of November 23, 2018 to "retire," which gave him less than half a day to consider his options.

13. Plaintiff had no choice and was forced to officially retire on November 23rd, 2018, despite his unwillingness to do so – and even though he had not taken any narcotics.

14. Plaintiff did not receive any official medical documentation or information regarding the PPD's testing. Instead, he received a paper summary, on standard PPD stationary, stating that the results of his drug test showed that he was positive for cocaine.

15. Plaintiff had even taken a drug test with his own doctor, who told him that his blood and urine did not test positive for any traces of cocaine.

16. Hair sample drug tests are not reliable in determining whether an African American person is using any type of drugs. Due to environmental factors, a person can just as easily test positive for drugs if they were in contact or in an area that had the drug. The drug particles may get trapped to a person even if they did not use the drug.

17. This is the case for African Americans because the density of their hair as well as the high levels of melanin makes it easier for cocaine and cocaine metabolites to bind to it. African Americans have more false positive results when using hair samples for drug tests compared to Caucasians.

18. Use of hair samples for a drug test has a disparate impact on African Americans.

19. In 2014, the United States Court of Appeals, First Circuit decided a case filed by African American police officers against the Boston Police Department for their wrongful termination after testing positive for cocaine in a routine drug test. Jones v. City of Boston 752 F.3d 38 (1st Cir. 2014).

   a. The court found that the characteristics of African American hair made it more susceptible to false positives. They also believe that the statistics were skewed enough that the results could not have been from chance alone, and therefore a hair sample drug test would have a disparate impact on African Americans.
   b. The court further held that even if the Boston Police Department had proffered a legitimate business need for the drug test (to provide a drug-free work environment), there was still a question as to whether the Department failed to adopt an alternative practice that would satisfy its legitimate business need without a similarly undesirable racial effect.

20. Plaintiff filed an EEOC in April of 2019 and received his right to sue letter. (Exh. A).

21. Due to the actions of the PPD, Plaintiff was forced to retire early and was unjustly treated on a discriminatory basis, due to the disparate impact created by hair sample drug testing on African Americans.

22. Plaintiff has suffered and shall continue to suffer monetary damages and damages for mental suffering and humiliation unless and until the Court grants relief.

23. The conduct of the Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights, including as a result of failing to train and supervise. Specifically, Defendants use of hair samples for a drug test is shown to have a disparate impact on African Americans. Philadelphia Police Department has failed to adopt alternative practices without a disparate racial effect.

24. Upon information and belief, Philadelphia Police Commissioner, Richard Ross, Jr., is the decision maker regarding the aforesaid custom, policy, and/or practice.

## STATEMENT OF CLAIMS

### COUNT I
### VIOLATION OF TITLE VII

25. The foregoing paragraphs are hereby incorporated herein by reference.

26. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII.

27. The aforesaid use of hair samples for a drug test by Defendant has a disparate impact on African Americans, including Plaintiff.

28. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

29. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant discriminatory acts unless and until this Court grants the relief requested herein.

### COUNT II
### MONELL

30. The above paragraphs are hereby incorporated herein by reference.

31. Prior to the events described herein, Defendant failed to train, supervise, and discipline the action of its officers, exhibiting deliberate indifference to the Constitutional rights of persons, which caused violation of Plaintiff's constitutional and other rights, in violation of 42 U.S.C. § 1983.

32. Specifically, Defendants use of hair samples for a drug test is shown to have a disparate impact on African Americans. Philadelphia Police Department has failed to adopt alternative practices without a disparate racial effect.

33. Plaintiffs suffered harm due to the Defendant's conduct.

## COUNT III
## 42 U.S.C. § 1983, et seq., THROUGH U.S. CONSTITUTIONAL AMENDMENT XIV
## (EQUAL PROTECTION)

34. The above paragraphs are hereby incorporated herein by reference.

35. Defendants' actions stated above were committed under color of state law and were violations of Plaintiff's clearly established and well-settled Constitutional and other civil rights, as well as state law.

36. Specifically, Defendants use of hair samples for a drug test is shown to have a disparate impact on African Americans. Philadelphia Police Department has failed to adopt alternative practices without a disparate racial effect.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that this Court grant the following relief to Plaintiff:

a) declaring the acts and practices complained of herein to be in violation of Section 1983 and Title VII;

b) Enjoining and permanently restraining the aforesaid violations;

c) entering judgment against the Defendant and in favor of Plaintiff in an amount to be determined; awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct; awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct; awarding punitive damages to Plaintiff;

d) awarding Plaintiff such other damages as are appropriate under Section 1983 and Title VII;

e) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and, granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

## JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues so triable herein.

Respectfully submitted,

**MILDENBERG LAW FIRM**

_____
Brian R. Mildenberg, Esq.
PA Attorney ID No. 84861
1735 Market St.,
Suite 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
brian@mildenberglaw.com
www.MildenbergLaw.com
Attorney for Plaintiff

**WEISBERG LAW**

_____
Matthew B. Weisberg, Esq.
PA Attorney ID No. 85570
David A. Berlin, Esq.
PA Attorney ID No. 314400
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
Attorneys for Plaintiff

SCHAFKOPF LAW, LLC

/s/ Gary Schafkopf
_____
Gary Schafkopf, Esq.
PA Attorney ID No. 83362
11 Bala Ave.
Bala Cynwyd, PA 19004
610- Attorney for Plaintiffs
664-5200 Ext 104
Fax: 888-283-1334
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | | |
|---|---|---|
| SERGEANT AARON GREEN | : | |
| Plaintiff, | : | NO.  2:19-cv-03156 |
| v. | : | |
| CITY OF PHILADELPHIA, et al. | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 23rd day of September 2019, a true and correct copy of the foregoing First Amended Complaint was served via ECF upon the following parties:

Kia Ghee, Esq.
City of Philadelphia Law Department
1515 Arch St., 16th Fl.
Philadelphia, PA 19102

WEISBERG LAW

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
PA Attorney ID #:85570
7 S. Morton Avenue
Morton, PA 19070
(610) 690-0801
(610) 690-0880 – Fax
mweisberg@weisberglawoffices.com
*Attorney for Plaintiff*